```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LLOYD C. KIDD                                          :
                                                       :
                Petitioner,                            :
                                                       :
        v.                                             :   MEMORANDUM & ORDER
                                                       :   21-CV-1344 (WFK)
                                                       :
HERIBERTO TELLEZ,                                      :
                                                       :
                Respondent.                            :
-----------------------------------------------------------------X
```
**WILLIAM F. KUNTZ, II, United States District Judge:**

Lloyd C. Kidd ("Petitioner"), proceeding *pro se*, brings this petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (the "Petition"). Petitioner alleges judicial intervention is needed to address the harsh prison conditions he experienced while incarcerated at the Metropolitan Detention Center Brooklyn ("MDC Brooklyn") and at the Metropolitan Correctional Center ("MCC") in Manhattan. ECF No. 1. For the following reasons, the Court finds the Petition is improperly brought in the Eastern District of New York and must be transferred to U.S. District Court for the District of South Carolina.

## BACKGROUND

Following a jury trial, Petitioner was convicted in the United States District Court for the Southern District of New York of sex trafficking a minor, in violation of 18 U.S.C. §§ 1591(a) and (b)(2), and of inducing the minor victim to engage in sexually explicit conduct, in violation of 18 U.S.C. §§ 2251(a) and (e) on July 15, 2019. Resp. Opp. at 6, ECF No. 12. On January 28, 2022, Petitioner was sentenced to a term of 256 months' incarceration to be followed by a term of five years of supervised release. S.D.N.Y. Docket Report, ECF No. 13-1.

In February 2022, Petitioner appealed his conviction to the United States Court of Appeals for the Second Circuit. *Id.* The appeal remains pending. *Id.* Petitioner's defense counsel requested Petitioner be allowed to remain at MDC during his appeal, which Judge Victor Marrero granted. Resp. Opp. at 8-9. However, despite Judge Marrero's recommendation, Petitioner was transferred out of the MDC in March 2022. Resp. Opp. at 9.

1

The instant *pro se* petition was filed on March 11, 2021. Petition, ECF No. 1. Petitioner brings this application pursuant to 28 U.S.C. § 2241, seeking a writ of habeas corpus, alleging "violation[s] of [Petitioner's] 6th, 8th, and 14th Amendment rights due to extremely harsh conditions of confinement." *Id.* at 2. In opposition, Respondent argues the Petition should be denied for several reasons. Resp. Opp. at 5. First, Respondent argues the Petition is largely moot because Petitioner has since been transferred to another facility and is no longer incarcerated at either the MCC or MDC. *Id.* Respondent further argues this Court has been divested jurisdiction over the instant petition as a consequence of Petitioner's transferal out of the Eastern District of New York. *Id.* Finally, Respondent claims there is no basis for Petitioner to assert a civil claim for damages as "there is no way to determine a cause of action or the defendants." *Id.*

## DISCUSSION

"A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction." *Carmona v. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001). The execution of a federal sentence "includes such matters as the administration of parole, ... prison disciplinary actions, prison transfers, type of detention and prison conditions." *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001); *see also Kingsley v. Bureau of Prisons*, 937 F.2d 26, 30 n. 5 (2d Cir. 1991) ("[C]hallenges to the length, appropriateness or conditions of confinement are properly brought under 28 U.S.C. § 2241.").

As Respondent acknowledges, it is "somewhat difficult" to parse Petitioner's cause of action. Resp. Opp. at 6. Petitioner does not enumerate any specific grounds upon which he is entitled to relief in his Petition. Petition at 6-8. However, it appears Petitioner's claims revolve

around the "extremely harsh conditions of confinement" Petitioner purportedly experienced during his incarceration at the MCC and MDC. *Id.* at 2. The Petition extensively details abuse Petitioner allegedly suffered at the hands of both prison staff and fellow MCC inmates. *Id.* at 12. For example, Petitioner reports he was subjected to a violent attack in which one inmate tried to cut Petitioner's throat with a razor. *Id.* Petitioner further alleges he was mistreated by various prison guards at the MCC, who allegedly threatened, verbally abused, and sexually harassed Petitioner. *Id.* at 12-13. Petitioner also recounted one occasion in which he was involved in a vehicular accident that occurred as he was returning to the MDC following a court appearance. *Id.* at 13. Petitioner reports he was seriously injured in this accident and, while he eventually received medical care, claims MDC personnel initially dismissed him. *Id.* Petitioner also claims he has become a "social pariah" after his fellow inmates learned about the nature of the charges upon which he was convicted. *Id.*

In addition to the above, Petitioner claims to have been subjected to desperate conditions at the MDC Brooklyn during the COVID-19 public health crisis. *Id.* Detailing what he describes as "beyond cruel and unusual punishment," Petitioner explains how MDC inmates were confined to their cells for nearly 24 hours per day, denied social and legal visits, and lived in constant fear of exposure to COVID-19 during this period. *Id.* Lastly, Petitioner argues he suffered an injustice after he helped save the life of a nurse who suffered seizure in his presence. *Id.* at 14. Petitioner received $50.00 as a reward for alerting prison personnel and getting medical assistance for the nurse, but argues he was "lowballed and barely acknowledged" for this good deed. *Id.*

The nature of Petitioner's various complaints implicate the prison conditions Petitioner experienced while incarcerated at the MCC and MDC. The Second Circuit has yet to address

3

whether § 2241 "is the appropriate mechanism for a petitioner in state custody to seek relief due to COVID-19-related conditions of confinement." *Carter v. Fields*, 19-CV-5364 (PKC), 2020 WL 5517241, at *3 (E.D.N.Y. Sept. 14, 2020) (Chen, J.). However, because these petitions implicate the health conditions of confinement, courts in the Second Circuit have found § 2241 is a proper vehicle for petitions challenging the execution of a sentence predicated upon the COVID-19 pandemic. *Id.*; *see also McPherson v. Lamont*, 457 F. Supp. 3d 67, 75 (D. Conn. 2020) (Arterton, J.) (finding § 2241 was the proper vehicle for a petition challenging the health conditions of the petitioners' confinement, which they argued had become unconstitutional due to the COVID-19 pandemic risk). This Court is similarly inclined and finds the instant Petition is appropriately brought under § 2241.

Nevertheless, the Petition must be denied because this Court is not the proper venue. Petitions challenging the execution of a sentence under § 2241 must be brought "in the district court for the district where the prisoner is in custody." *See Sullivan v. United States*, 02-CV-4947 (SJ), 2002 WL 32096584, at *2 (E.D.N.Y. Dec. 6, 2002) (Johnson, J.) (citation omitted); *see also Billiteri v. United States Board of Parole*, 541 F.2d 938, 948 (2d Cir. 1976) (finding courts must have jurisdiction over the "petitioner's custodian" as a threshold requirement to "entertain a habeas corpus action"); *United States v. Jackson*, 90-CR-109, 1992 WL 276610 at *2 (S.D.N.Y. Oct.1, 1992) (Wood, J.) ("An attack on the manner in which a sentence is executed by the Bureau of Prisons may be made only as a habeas petition pursuant to 28 U.S.C. § 2241, which must be filed in the district of confinement."). "[W]hen a petitioner is transferred from a facility, any claims for injunctive relief against that facility become moot." *See Allen v. Lindsay*, 09-CV-1283 KAM, 2010 WL 5067907, at *2 (E.D.N.Y. Dec. 7, 2010) (Matsumoto, J.) (citing *Hill v. Zenk*, 115 F. App'x 97, 97 (2d Cir. 2004) ("Because [the petitioner] brought his action for

relief against the warden of a facility in which he concedes he is no longer incarcerated, his petition for relief is moot.")); *see also Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008) (denying as moot a § 2241 petition seeking to modify a petitioner's conditions of confinement because the petitioner had since been transferred from a Connecticut facility to a penitentiary in Pennsylvania). This outcome is required "even if the Section 2241 habeas petition was properly filed in the district of confinement prior to the transfer." *Allen*, 2010 WL 5067907, at *2.

Petitioner was in the custody of the Federal Bureau of Prisons ("BOP") in New York City between December 2018 and January 2022, at the MCC followed by the MDC. Inmate Location History, ECF No. 13-2. Petitioner filed the instant petition in the Eastern District of New York while he was incarcerated at MDC Brooklyn. Petition at 1. Therefore, at the time of filing, the Petition was properly brought in this Court. However, as Respondent notes, Petitioner has since been transferred from the MDC to Ray Brook Federal Correctional Institution in Ray Brook, New York. Resp. Opp. at 9. Furthermore, since the filing of Respondent's Opposition, Petitioner was transferred yet again. According to the BOP Inmate Locator, Petitioner is presently incarcerated at Williamsburg Federal Correction Institute in Salters, South Carolina. *See* https://www.bop.gov/inmateloc/ (last visited Mar. 24, 2023).

The Court acknowledges the harsh conditions faced by Petitioner during his time at the MCC and MDC. All people are entitled to respect and humane treatment while serving a federal sentence and the Court is particularly disturbed by the conditions Petitioner and his fellow inmates suffered as a result of the COVID-19 pandemic. However, Petitioner has been transferred far beyond this Court's jurisdiction. Consequently, this Court is no longer the proper venue for Petitioner's claims.

Having found venue is improper in the Eastern District of New York, the Court must decide whether to dismiss the action or, alternatively, transfer it to the district in which Petitioner is presently incarcerated. Pursuant to Section 1404(a) of Title 28 of the United States Code, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." District courts possess broad discretion to transfer habeas petitions brought under § 2241. *See Kahane v. Carlson*, 527 F.2d 492, 493 n. 1 (2d Cir. 1975) ("28 U.S.C. § 1404(a) gives the district judge very broad discretion to remove [a] prisoner's cause of action to another judicial district."); *see also Sullivan*, 2002 WL 32096584, at *2 (transferring the § 2241 portion of a habeas petition because the petitioner was transferred to a prison facility in Kentucky and emphasizing the breadth of the Court's in so deciding). Because Petitioner is currently incarcerated in Salters, South Carolina, located within the United States District Court for the District of South Carolina, the Court transfers this petition to the United States District Court for the District of South Carolina in the interest of justice.

## CONCLUSION

For the foregoing reasons, the Clerk of the Court is respectfully directed to serve notice of entry of this Order on all parties and to transfer this petition to the United States District Court for the District of South Carolina.

SO ORDERED.

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: March 27, 2023
Brooklyn, New York